Henry Felau, Appellee, v. Lake Sand Company, Appellant.

Gen. No. 23,255.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and remanded. Opinion filed April 16, 1918.

## Statement of the Case.

Action by Henry Felau, plaintiff, against Lake Sand Company, a corporation, defendant, to recover for personal injuries. From a judgment for $11,500 for plaintiff, defendant appeals.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; JOHN D. BLACK and CHARLES J. MCFADDEN, of counsel.

HENRY R. RATHBONE, for appellee.

MR. JUSTICE MCDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when finding not disturbed.* A finding, in a negligence case, based upon conflicting evidence, will not be disturbed on appeal.

2. DAMAGES, § 175*—*when evidence as to financial condition of plaintiff is improper.* It is prejudicial and reversible error, in an action for personal injuries, for plaintiff's attending physician to testify as to plaintiff's impecunious condition and to state that plaintiff had always been a pensioner of his, and he never had received pay for any services performed.

3. TRIAL, § 124*—*when argument of counsel constitutes reversible error.* It is prejudicial and reversible error, in a personal injury case, for counsel for plaintiff, in attempting in his argument

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to explain the visit of the engineer in control of the device, and through whose alleged negligence plaintiff claimed to have been injured, to the office of plaintiff's counsel during the course of the trial and conference with the latter, before he was called upon to testify on behalf of defendant, and his failure to call the engineer as a witness, to state that the engineer had a deep motive, and he did not think that it would be fair to put him on the stand and ask him to "incriminate" himself, and after objection, in stating that by the use of the word "incriminate" he did not mean anything criminal, that the engineer must have had a deep motive and that it was not human nature for a man to take the stand and say, "yes, it was my fault for crippling a human being for the rest of his life," and asking whether he should have asked the engineer to say that, and, in discussing the pain and suffering endured by plaintiff while being treated by his physician, to ask the jury if they did not think that plaintiff suffered intense pain when he had pieces of bone taken from his leg and in stating that the work was done without the humane office of an anæsthetic.

### E. A. Hey, Appellee, v. United States Bottlers' Machinery Company, Appellant.

### Gen. No. 23,262.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and judgment here. Opinion filed April 16, 1918.

### Statement of the Case.

Action by E. A. Hey, plaintiff, against United States Bottlers' Machinery Company, defendant, to recover for a balance due on account of commissions on orders for the sale of bottle washing and filling machines and tomato pulping machines. From a judgment for plaintiff for $923.75, defendant appeals.